IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTO BENAVIDEZ,

    Plaintiff,

v.                                                   No. CV 21-351 KG/CG

STATE OF NEW MEXICO, et al.,

    Defendants.

### PRO SE PRISONER CASE MANAGEMENT ORDER

**THIS MATTER** is before the Court *sua sponte*. The Court has received and docketed the prisoner's civil rights complaint filed in state court *pro se* by Plaintiff Ernesto Benavidez. Mr. Benavidez shall include the case number, CV 21-351 KG/CG, on all papers filed in this proceeding.

Mr. Benavidez must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see also, Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). Mr. Benavidez is obligated to keep the Court advised of any changes in his mailing addresses. Failure to keep the Court informed of his correct address may also result in dismissal of the case or other sanctions. D.N.M. LR-Civ. 83.6.

Whenever a prisoner brings a civil action against government officials, as Mr. Benavidez has here, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer

> or employee of a governmental entity."
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b).

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Mr. Benavidez should avoid filing unnecessary motions. Requests for service of process, discovery, and submissions of proof are also premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Mr. Benavidez's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling.

The parties should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. The parties are not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge. The parties also should not make telephone calls to or ask to speak to the assigned District Judge, the assigned Magistrate Judge, or the Judges' staff, nor should the parties ask family members or friends to do so.

**IT IS HEREBY ORDERED** that this Case Management Order shall govern proceedings in this case until further order of the Court.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE